UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. 6:13-CR-20-S-GFVT-HAI-24 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| SUZANN JUDY PHILLIPS, ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On June 19, 2014, the Court conducted a competency hearing in this matter, per 18 U.S.C. § 4241 and 4247(d). D.E. 647. Procedurally, the hearing followed a motion for a competency evaluation made by Defendant. D.E. 521. The Court granted the motion, ordered an evaluation in a custodial setting, and Defendant was ordered to surrender herself to the custody of the United States Marshal at a specific date and time. D.E. 542; D.E. 554. The Court, upon the required findings, ordered that the psychiatric or psychological examination be conducted pursuant to 18 U.S.C. §4241(b). D.E. 542.

The Court ordered the examination to be performed at the Federal Medical Center (FMC) in Carswell, Texas. D.E. 554. All parties had access to the Forensic Evaluation ("the Report") (D.E. 634) issued by Nicole Gross on behalf of Dr. Christine Anthony, Ph.D. In the Report, Ms. Gross and Dr. Anthony opined that Defendant is competent for trial purposes. *Id.* After receipt of the Report, the Court set a hearing, *see* D.E. 633, and the parties appeared with counsel. During that hearing, the parties stipulated to the admissibility of the Report, as well as to the

Report's findings. The parties also waived introduction of other proof and argument in opposition, and waived the right to cross-examine the evaluators.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see also* 18 U.S.C. § 4241(a) (phrasing test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."); *United States v. Nichols*, 56 F.3d 403, 410 (2nd Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Section 4247(d) of 18 U.S.C. governs the competency hearing, and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See id.*; *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreements among the Circuits. *Compare United States v. Teague*, 956 F.2d 1427, 1431 n.10 (7th Cir. 1992); *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991); *Brown v. Warden, Great Meadow Correctional Facility*, 682 F.2d 348, 352 (2nd Cir. 1982); *United States v. Hollis*, 569 F.2d 199, 205 (3rd Cir. 1977); *and United States v. Makris*, 535 F.2d 899, 906 (5th Cir. 1976) ("There can be no question that in federal criminal cases the government has the burden of proving defendant competent to stand trial at the s 4244 hearing . . ."), *with United States v. Robison*, 404 F.3d 850, 856 (4th Cir. 2005) ("Under federal

law the defendant has the burden, by a preponderance of the evidence [to show] that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" (internal quotation marks omitted)). *and United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) ("[T]he relevant competency statute arguably contemplates that the burden will lie with the party making a motion to determine competency."). Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See, e.g.*, *Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

With a stipulation as to both the admissibility and the substance of the Report, the only proof as to current competency is the expert analysis of Ms. Gross and Dr. Anthony. The Report reflects personal observation, a full review of Defendant's medical history and status, and a thorough assessment of Defendant's status in light of applicable competency standards. The authors analyzed Defendant's history and course of evaluation. Ms. Gross and Dr. Anthony directly observed Defendant via interviews. The evaluators also secured and reviewed the relevant medical and court records, and conducted telephone interviews with Defendant's appointed counsel, as well as the Assistant United States Attorney assigned to the case.

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition, as well as an extensive Report of Defendant's medical history. Notably:

    (1)    The Report opines that Defendant's reported symptoms of memory impairment were likely due to symptoms related to depression, such as difficulty concentrating. D.E. 634 at 5, 9.

(2) The Report states that while Defendant initially presented with symptoms of both depression and anxiety, she appeared less anxious as time progressed. *Id.* at 7.

(3) The evaluators reported no problems communicating with Defendant, particularly noting that she utilized expressive or receptive language, and that her speech was delivered with a normal rate and tone. *Id.*

(4) Defendant demonstrated an understanding of courtroom procedures, including the roles of the participants. *Id.* at 8.

(5) Defendant also "demonstrated a rational appreciation of the charges and legal proceedings before her," including the nature of the charge against her and the concept of plea bargaining. *Id.*

(6) Defendant was diagnosed with Major Depressive Disorder, Recurrent, Moderate, and with Alcohol Use Disorder, Mild, In Sustained Remission, In a Controlled Environment. *Id.* at 9.

(7) The evaluators excluded a diagnosis of bipolar disorder as Defendant did not report any symptoms consistent with a manic episode. *Id*. at 9–10.

(8) Defendant did not "present with any major mental health symptoms during the evaluation period that would prevent her from having a rational and factual understanding of legal proceedings." *Id.* at 10.

(9) The evaluators noted that Defendant did not display a psychological deficit "that would prevent her from assisting her attorney in her defense." *Id.*

Thus, it is clear that Ms. Gross and Dr. Anthony accurately applied the *Dusky* standard as codified in section 4241(a) to determine that Defendant is competent. The evaluators elicited from Defendant definitions of key terms and participants in a trial, as well as the elements and procedures related to a criminal trial. *Id*. at 8. They also positively endorsed Defendant's ability to assist counsel in preparing her defense. *Id*. at 11. As such, the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

Additionally, the Court sought the insight of counsel for Defendant, Mr. Warren Scoville, who had initially requested the competency evaluation. Mr. Scoville's observations are

consistent with the opinion in the Report. The Court also observed and interacted with Defendant at her competency hearing. Defendant was composed and respectful to the Court throughout the proceedings, and did not exhibit any behavior inconsistent with the Report.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. The Court thus finds that, per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against her and to assist properly in her own defense. Therefore, the Court **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 23rd day of June, 2014.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge