UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:13-CR-00020-GFVT-HAI-24 |
| | ) | |
| V. | ) | |
| | ) | |
| SUZANN JUDY PHILLIPS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 1256.] Defendant Suzann Judy Phillips has been charged with three violations of her terms of supervised release. *Id.* at 2–3.

In October 2015 this Court entered judgment against Ms. Phillips for one count of conspiracy to manufacture a mixture or substance containing methamphetamine. [R. 1002 at 1.] Ms. Phillips was sentenced to twenty-eight months imprisonment to be followed by a six-year term of supervised release. *Id.* at 2–3. Ms. Phillips began her term of supervised release on November 23, 2016 immediately following her release from the custody of the Bureau of Prisons. On January 17, 2019, the United States Probation Office (USPO) issued a Supervised Release Violation Report (the Report) charging Ms. Phillips with three violations. The USPO secured a warrant the same day. [R. 1239; 1240.] The Report provides the following background of the violations.

As part of her conditions of supervised release, a sweat patch (SP1) was applied to Ms. Phillips on November 9, 2018. After supposedly "scratching off" the sweat patch in her sleep,

Ms. Phillips returned to the probation office on November 13, 2018 with the sweat patch for testing. This was the first of six sweat patch tests conducted on Ms. Phillips between November 2018 and January 2019. All of the sweat patches tested positive for one illegal substance or another. SP1 tested positive for cocaine; SP2 tested positive for cocaine and methamphetamine/amphetamine; SP3 tested positive for methamphetamine/amphetamine; SP4 tested positive for methamphetamine/amphetamine and cocaine; SP5 tested positive for methamphetamine, oxycodone, and opiates; and SP6 tested positive for methamphetamine. When questioned about the results of SP1 and SP2, Ms. Phillips admitted to the use of both cocaine and methamphetamine. Ms. Phillips was also questioned about the results from SP4. On that occasion, she admitted to snorting morphine that may have contained cocaine.

Based on the positive results from SP4 and Ms. Phillips's admission of snorting morphine that may have contained cocaine, the report alleges that Ms. Phillips violated the condition of her supervised release that states "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician." USPO does not seek to hold Ms. Phillips responsible for the sweat patches that tested positive for methamphetamine because Pharmachem, Inc., the testing agency, informed USPO that the positive tests could be the result of residual effects of the drugs in Ms. Phillips's system from her admitted use in November 2018. This conduct constitutes a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3). The Report next alleges that Ms. Phillips violated the condition of supervised release that states: "The defendant shall not commit another federal, state or local crime." The Sixth Circuit has repeatedly held that drug use is equivalent to possession, and therefore Ms. Phillips's conduct would result in a violation of 21 U.S.C. § 844(a). This is a Grade B violation.

*See* U.S.S.G. § 7B1.1(a)(2).

Next, the Report alleges that on December 10, 2018, Ms. Phillips was arrested by the Corbin Police Department pursuant to a warrant. According to that warrant, Ms. Phillips stole $385.00 worth of merchandise from a Belk store in Corbin, Kentucky. Ms. Phillips later pled guilty to Theft by Unlawful Taking in Knox County District Court. This offense is a Class A misdemeanor under Kentucky law. In light of this conviction, the Report alleges that Ms. Phillips violated the condition of her supervised release which states: "The defendant shall not commit another federal, state or local crime." This conduct constitutes a Grade C violation. *See* U.S.S.G. § 7B1.1(a)(3).

On February 1, 2019, Magistrate Judge Hanly A. Ingram conducted an initial appearance pursuant to Rule 32. 1. [R. 1246.] Ms. Phillips knowlingly, voluntarily, and intelligently waived her right to a preliminary hearing. *Id.* The United States made an oral motion for detention, and Ms. Phillips did not argue for release. Judge Ingram determined that detention was required. Ms. Phillips's final hearing was held on March 4, 2019 wherein Ms. Phillips knowingly, voluntarily, and intelligently stipulated to the violations set forth in the Report. [R. 1255.] At the hearing, Judge Ingram heard testimony from defense expert Beverly Richards, a psychotherapist, Probation Officer Greiwe, and Ms. Phillips. Subsequently, Judge Ingram prepared a recommended disposition. [R. 1256.]

As an initial matter, Judge Ingram noted that revocation is mandatory because Ms. Phillips was in possession of a controlled substance. 18 U.S.C. § 3583(g)(1). Ms. Phillips's admitted conduct qualifies as a Grade C violation with respect to the theft and drug use violations, and a Grade B violation with respect to the drug possession violation. With a

criminal history category of III and a Grade B[1] violation, Ms. Phillips's range under the Revocation Table is 8–14 months. *See* U.S.S.G. § 7B1.4(a).

Noting that revocation was mandatory, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment. Ms. Phillips's underlying offense is a conviction for conspiracy to manufacture a mixture or substance containing methamphetamine. Judge Ingram expressed concern in his Recommended Disposition regarding the nature of Ms. Phillips's violations. Given her history of drug abuse and underlying conviction, Judge Ingram was troubled by Ms. Phillip's continued association with individuals who deal or use drugs.

Judge Ingram also considered Ms. Phillips's personal history and characteristics, specifically her history with abuse and resulting PTSD. Likewise, Judge Ingram found Ms. Phillips's history of mental health issues, which Ms. Richards testified to at the final hearing, to be a mitigating circumstance. Finally, Judge Ingram weighed the need to deter criminal conduct and protect the public alongside the Court's need to provide Ms. Phillips with necessary education, training or treatment, as well as the need to avoid unwarranted sentencing disparities. Ultimately, Judge Ingram recommended a sentence of three months of imprisonment followed by two years of supervised release, with the added condition that Ms. Phillips must spend the first six months of of her supervision in an inpatient substance-abuse treatment facility.

This is a below-guidelines sentence. Recognizing the requirement of a "specific reason" for going outside the guidelines range, Judge Ingram cited Ms. Phillips significant history of physical and emotional abuse and resulting mental health issues. Judge Ingram found, and this

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

Court agrees, that Ms. Phillips's circumstances are significantly mitigating. A three-month period of incarceration will adequately recognize the scope and seriousness of Ms. Phillips's offense while also crediting the mitigating circumstances present.

Although the recommended sentence is below the guidelines range, Judge Ingram found that a below-guideline sentence in this case was sufficient but not greater than necessary to address Ms. Phillips's breach of trust with the Court. Additionally, Judge Ingram found that a two-year additional term of supervision was warranted. As discussed above, the first six months of the additional term of supervised release will be served in an inpatient substance abuse treatment facility. This added requirement will hopefully serve to protect the public.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). Ms. Phillips timely objected to the Report and Recommendation, and this Court scheduled an allocution hearing. [R. 1260; R. 1263.] However, Ms. Phillips subsequently withdrew her objections and waived allocution. [R. 1264.] The Court will grant Ms. Phillips request to withdraw her objection and proceed as if no objections were made.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the

Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, it is hereby **ORDERED** as follows:

1.     Defendant Suzann Judy Phillips's Motion to Withdraw Objections is **GRANTED**;

2.     Ms. Phillips's Waiver of Allocution is **ACCEPTED**, and the allocution hearing currently set for **May 1, 2019** is **CANCELLED**;

3.     The Report and Recommendation [**R. 1256**] as to Ms. Phillips is **ADOPTED** as and for the Opinion of the Court;

4.     Ms. Phillips is found **GUILTY** of all violations;

5.     Ms. Phillips's Supervised Release is **REVOKED;**

6.     Ms. Phillips is hereby sentenced to a term of incarceration of **three (3) months** with an additional **two (2) year** term of supervised release to follow, with the added condition that Ms. Phillips is required to participate in **six (6) months** of inpatient substance-abuse treatment immediately upon release from BOP custody; and

7.     Judgment shall enter promptly.

This the 24th day of April, 2019.

Gregory F. Van Tatenhove
United States District Judge